2 F.3d 1154
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Walter ECKHOLM, Appellant,
v.
Donna E. SHALALA,* Secretary of Health and Human
Services, Appellee.
 No. 92-3330ND.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 15, 1993.
Filed: August 19, 1993.
 
 Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Walter Eckholm appeals the judgment of the District Court[1] affirming the denial by the Secretary of Health and Human Services of his claim to disability benefits. We affirm.
 
 
 2
 The only issue in this case is whether Eckholm is statutorily blind. Although he apparently has other physical impairments, he can qualify for benefits only for blindness because he is of "fully insured" rather than "specially insured" status. Transcript 71. The Social Security regulations define "statutory blindness" as
 
 
 3
 central visual acuity of 20/200 or less in the better eye with the use of correcting lens. An eye which has a limitation in the field of vision so that the widest diameter of the visual field subtends an angle no greater than 20 degrees is considered to have a central visual acuity of 20/200 or less.
 
 
 4
 20 C.F.R. Sec. 404.1581. The impairment also must have lasted for a continuous period of at least twelve months. 20 C.F.R. Sec. 404.1509.
 
 
 5
 Eckholm suffered a stroke in 1981, and has since had severely impaired vision due to a narrowed field of vision, blind spots, and difficulty focusing. Shortly after the stroke, his visual acuity in his best eye after correction was 20/200. It was 20/400 in the other eye. Nine months later, however, a test indicated that his visual acuity was 20/25 in both eyes, and a recent test shows visual acuity with correction at 20/30 and 20/20. The ALJ found that Eckholm's visual impairments did not meet the statutory criteria set forth in the statute. The District Court affirmed his decision.
 
 
 6
 Eckholm argues that the ALJ-and by adoption, the District Court-erred in failing to treat him as a special situation. He claims that there is significant evidence showing that he is unable to comprehend printed material, that his vision is intermittently blocked, that he cannot perform certain daily activities such as driving or reading the paper, and that the combination of all of his visual impairments causes him to be legally blind. We reject Eckholm's arguments. None of them convinces us that the ALJ's determination that his visual impairment did not meet the statutory standard for blindness was incorrect. Our review is limited to whether there is substantial evidence on the record as a whole to support the ALJ's findings. There is, and we affirm.
 
 
 
 *
 Donna Shalala has succeeded Louis W. Sullivan as Secretary of Health and Human Services, and we have therefore substituted her as party appellee in the place of Secretary Sullivan. Fed. R. App. P. 43(c)
 
 
 [1]
 The Hon. Patrick A. Conmy, Chief Judge, United States District Court for the District of North Dakota